(160 App. Div. 110)

### JACKSON v. STATE.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

EMINENT DOMAIN (§ 133*)—COMPENSATION—SUFFICIENCY.

The state, appropriating for a public purpose lands on which a grain elevator stood, and removing the building, is not liable for the value of machinery which the owner could remove without injury to it or to the freehold, and the owner, allowed as compensation the value of the land and the cost of reproducing the building, including the spouting and bins, received adequate compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 358–361½; Dec. Dig. § 133.*]

Appeal from Board of Claims.

Action by John J. Jackson against the State of New York. From a judgment of the Board of Claims in favor of claimant, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

George F. Thompson, of Middleport, for appellant.
Thomas Carmody, Atty. Gen., for the State.

SMITH, P. J. Claimant's property has been appropriated by the state for the purposes of the Barge Canal. The property consisted of

land upon which was a building used as a bean and grain elevator. In the buildings were different machines used in the sorting and handling of the beans and grain, scales, belting, shafting, hangers, pickers, and other machinery. It has been found that all of the machinery in the factory building excepting the scales could be removed without material injury to the real estate. After the appropriation the claimant removed part of the more valuable machinery to a new factory built by him, for which he claims to have paid the contractor a nominal sum. The Board of Claims allowed to claimant the value of the land, also the cost of reproduction of the building, including the spouting and bins, but did not allow for this machinery which could have been removed from the building without injury thereto, which, however, was found to have been of the value of $4,303.20. The claimant asks that the award be modified so as to include the value of the machinery disallowed, and as modified affirmed.

We think the Board of Claims was clearly right in disallowing the claim for these fixtures. Most, if not all, of them would be deemed fixtures as between vendor and vendee, or mortgagor and mortgagee, and no part of the realty. But the tests determining, as between vendor and vendee, or mortgagor and mortgagee, what has been irrevocably affixed to the freehold have no application here. Those tests were created in view of the interest of the different parties, upon the assumption that the vendee or mortgagee had an interest in retaining the property so attached, and the vendor or mortgagor had an interest in removing them. No such conflict of interest arises between the state and the claimant whose property has been taken for the purposes of a canal. The state has no use for the personal property attached. The building here taken has been destroyed. In such a case the rule of reason would suggest that the claimant might ordinarily take from the real estate all personal property which might be detached therefrom, at least without material injury to the freehold, whether or not the same might be denominated a part of the realty, or merely fixtures as between a vendor and vendee. Applying this rule, the claimant has been fully compensated for his loss, and the judgment should be affirmed, with costs.

Determination unanimously affirmed, with costs.